UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL STENGER, et al.,                    )
                                            )
                    Plaintiffs,             )
                                            )        No.  4:14CV01655 AGF
            v.                              )
                                            )
BI-STATE DEVELOPMENT AGENCY OF              )
MISSOURI/ILLINOIS METROPOLITAN              )
DISTRCIT d/b/a METRO,                       )
                                            )
                    Defendant.              )


## MEMORANDUM AND ORDER

This matter, initiated on September 23, 2014, is before the Court on the unopposed

motion of Amalgamated Transit Union, Local 788 (the "Union") to intervene as a

Defendant, which motion has been renewed after the filing by Plaintiffs of a first

amended complaint.  Plaintiffs are certain 1A MAT Mechanics employed by Defendant

Bi-State Development Agency of Missouri/Illinois Metropolitan District d/b/a Metro

("Metro"), and are members of the Union.  Plaintiffs seek to separate the 1A MAT

Mechanics from the current bargaining unit represented by the Union, reasoning that they

lack commonality with other groups of employees represented by the Union.   According

to Plaintiffs, no framework exists in order to accomplish this goal, and they seek a

declaratory judgment ordering Defendant to adopt a "comprehensive framework for

collective bargaining."

The Union seeks to intervene to protect its interests, which may be affected by the litigation or settlement of this matter. Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene as of right if (1) it has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation. Rule 24(b) permits the court to grant intervention upon a timely motion to intervene when the applicant has "a question of law or fact in common" with the underlying litigation. Whether to grant permissive intervention rests within the court's discretion. *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014) (citation omitted).

Moreover, a party seeking to intervene as of right or permissively must establish Article III standing in addition to the requirements of Rule 24. *Id.* at 974. The requirements for Article III standing in this context are "(1) injury, (2) causation, and (3) redressability." *Id.* Here, the Union's motion is timely. The Court concludes that the Union has Article III standing and a cognizable interest in the subject matter of the present lawsuit, as Plaintiffs seek to create a bargaining unit separate from the Union's existing unit. Furthermore, the Union's interest may be impaired by the litigation and the existing parties do not adequately represent the Union's interests.

Accordingly,

**IT IS HEREBY ORDERED** that the renewed unopposed motion of

Amalgamated Transit Union, Local 788 to intervene as a Defendant in this case is

**GRANTED**.  (Doc. No. 12)

**IT IS FURTHER ORDERED** that the initial motion of Amalgamated Transit

Union, Local 788 to intervene in **DENIED as moot**.  (Doc. No. 4)


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.